**Johnny R. AUSTAD and Dorothy Austad, his wife, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 20876.**

United States Court of Appeals Ninth Circuit.

Nov. 16, 1967.

---

Arthur H. Tibbits, San Francisco, Cal., John K. Mesch, Tucson, Ariz. for appellants.

Morton Hollander, Robert C. McDiarmid, Attys., Civ. Div., Dept. of Justice, Washington, D. C. Edward E. Davis, U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY, JERTBERG and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge:

The United States brought this action to foreclose a mortgage held by the Small Business Administration (SBA) on certain property of the Austad Steel Company, and for a judgment against Johnny and Dorothy Austad personally as unconditional guarantors of the company's note. The liability of the company was admitted, but the Austads' amended

answer alleged several affirmative defenses to their liability as guarantors. The trial court, after a hearing, granted the Government's motion for judgment on the pleadings. The guarantors appeal.

In December, 1958, the Austad Steel Company, acting through defendants as president and secretary-treasurer, executed a note and mortgage on the company's real property in return for a loan from the SBA. Repayment of the loan was to be made in monthly installments over a ten year period. In addition, as part of the consideration for the loan, the SBA received as security the unconditional guaranty of payment by the individual defendants. The guaranty was executed on a standard SBA form. The provisions of the guaranty contract were, in short, intended to give the SBA flexibility in dealing with the debtor without releasing the guarantors from their obligation.

The debtor, Austad Steel Company, defaulted on the September, 1959, payment, and in June, 1960, was adjudicated bankrupt. Under the terms of the company's note, the SBA was authorized to accelerate the note upon a default in payment, and the note was automatically accelerated upon an adjudication of bankruptcy. However, this action to foreclose the mortgage and secure a money judgment on the guaranty contract was not commenced until December 10, 1964, some five years after the first default and more than four years after the adjudication of bankruptcy.

By their amended answer, defendants admitted execution of the written guaranty and admitted the default and adjudication of bankruptcy of the Austad Steel Company. They sought to avoid liability on the guaranty contract by asserting, so far as is relevant here, three affirmative defenses: (1) that the United States failed to bring an action on the indebtedness within sixty days after demand by the guarantors to do so, thereby releasing the guarantors under Arizona law; (2) that the United States was estopped to recover on the guaranty contract because of a wilful and unconscionable delay in bringing this action, thereby greatly diminishing the value of the collateral; and (3) that the United States was guilty of laches. On this appeal defendants assert that the trial court erred in granting the Government's motion for judgment on the pleadings because, according to the facts alleged by defendants, they could have asserted a valid defense at trial.

■■ For purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true. The allegations of the moving party which have been denied are taken as false. Wyman v. Wyman, 9 Cir., 109 F.2d 473, 474. Only if it appears that, on the facts so admitted, the moving party is clearly entitled to prevail can the motion be granted. Walker Distributing Co. v. Lucky Lager Brewing Co., 9 Cir., 323 F.2d 1, 3. Here the Government's motion should not have been granted if the defendants' amended answer raised a defense which, if proved, would have defeated the Government's claim. Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769, 774.

■ Defendants' first defense relied entirely on Arizona law. Under section 12–1641, Ariz.Rev.Stat., a surety may obtain a complete discharge from his obligation by demanding that the creditor bring an action against the principal, and the creditor fails to act within sixty days. Section 12–1646 extends this remedy to guarantors. The Government contends that this state statute is inapplicable to this case because federal law, rather than state, determines the rights and liabilities of the parties to this contract. However, since we conclude that there was a waiver of this defense under either state or federal law, we need not answer this question.

Under the terms of the guaranty agreement, the guarantors agreed that:

"The undersigned hereby grants to SBA full power, in its uncontrolled discretion and without notice to the undersigned * * * to deal in any manner with the Liabilities and the

collateral, including \* \* \* the following powers:

"(a) To modify or otherwise change any terms of all or any part of the Liabilities \* \* \*, to grant any \* \* \* indulgence with respect thereto \* \* \*;

"(b) To enter into any agreement of forbearance with respect to all or any part of the Liabilities \* \* \*;

\* \* \* \* \* \*

"(e) In the event of the non-payment when due \* \* \* of any of the Liabilities \* \* \* to realize on the collateral or any part thereof \* \* \* by foreclosure or otherwise, or to forbear from realizing thereon, all as SBA in its uncontrolled discretion may deem proper \* \* \*.

"The obligations of the undersigned hereunder shall not be released, discharged or in any way affected, nor shall the undersigned have any rights or recourse against SBA by reason of any action SBA may take or omit to take under the foregoing powers."

Clearly, under the terms of the contract, the guarantors waived any right they might otherwise have had to require SBA to bring suit against the debtor and any rights which might accrue as a result of failure of SBA to pursue the debtor.

Defendants argue, however, that such a waiver was void under state law. No cases are cited supporting this proposition and we are unable to perceive any reason for sustaining it under state or federal law. The statute was enacted for the benefit of sureties only. If they desire to waive it in order to receive a loan, the law should not prevent them. Continental & Commercial Nat. Bank of Chicago v. Cobb, 1 Cir., 200 F. 511; Commonwealth ex rel. Dept. of Justice v. National Surety Co., 310 Pa. 108, 164 A. 788, 89 A.L.R. 564.

We therefore conclude that, as to the first affirmative defense, the trial court did not err in granting the motion for judgment on the pleadings.

As their second affirmative defense, defendants alleged that:

"\* \* \* plaintiff is estopped to recover on the written guarantee because of an unconscionable delay in bringing this action between the date of default of September 19, 1959 and the date of filing of this action, which delay was wilful and greatly diminished the value of the security for the loan causing irreparable harm to these defendants \* \* \* ."

The guaranty contract, as noted above, provided that with respect to the debtor the SBA had power "to grant any \* \* \* indulgence" and "to enter into any agreement or forbearance." With respect to the collateral, the SBA had power "to forbear from realizing thereon, all as the SBA in its uncontrolled discretion may deem proper." Further, the obligation of the guarantors was not to be released "by reason of any deterioration, waste, or loss by fire, theft or otherwise of any of the collateral *unless such deterioration, waste, or loss be caused by the wilful act or wilful failure to act of the SBA.*" (Emphasis supplied.)

Defendants rely upon the italicized words as evidencing a contractual undertaking by SBA to release appellants from the guaranty if SBA delayed in bringing the foreclosure action *for the purpose* of diminishing the value of the security.

■ The guaranty contract, read as a whole, provides that mere delay by the SBA in suing the principal or realizing on the security is insufficient to release the guarantors from their obligation. The SBA was given unlimited discretion to forbear. realizing on the collateral. Moreover, the SBA was not to be liable by reason of a change in the value of the security. Read in this context, we agree with the Government that the exception making the SBA liable for a wilful failure to act with regard to "fire, theft, or otherwise" refers only to physical deterioration of the collateral. See United States v. Houff, W.D.Vir., 202 F.Supp. 471, 480.

■ We need not decide whether defendants can avail themselves of a de-

fense of estoppel because of a purposeful intent on the part of the SBA to injure the sureties by delaying realization on the collateral. Defendants' amended answer alleged only that the SBA's wilful delay caused harm to the defendants. Under the contract the SBA was given this prerogative.[1] The amended answer did not allege a purpose by the SBA to diminish the value of the security in order to intentionally injure the defendants.

However, defendants urge in their reply brief that the letter from J. A. Austad to the SBA attached to the memorandum in opposition to the Government's motion for judgment on the pleadings amounts to an assertion of fact that there was a purposeful deterioration of the collateral. Thus, the defendants conclude, the trial court should have treated the motion as one for summary judgment under Rule 56, Federal Rules of Civil Procedure.[2]

We do not so read the letter in question. In any event, defendants' memorandum to the trial court, and their opening brief on appeal to this court, indicate that the only use made of the letter was to show that Johnny Austad made a demand on the SBA to bring suit on the debt. Defendants conceded on oral argument that the letter was not cited to the trial court as part of their affirmative defense for impairment of collateral. Under these circumstances, we hold that this evidence was not "presented" to the trial court, and there was no error in not considering it. See Duarte v. Bank of Hawaii, 9 Cir., 287 F. 2d 51, 53–54.

What we have previously stated with regard to the SBA's failure to sue on the debt or foreclose the collateral applies equally well to the defense of laches.

Since under the contract the SBA had no obligation to do either of the above, the guarantors cannot seek release from their obligation because of the SBA's delay.

Affirmed.

---

1. If the guarantors feared a loss in the value of the collateral because of the SBA's inaction, they could have paid the debt and foreclosed on the collateral themselves, or sought exoneration from the principal. Restatement, Security § 130, comment a (1941); Simpson, Suretyship § 42 (1950).

2. Rule 12(c), Federal Rules of Civil Procedure, provides:
   "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."