**UNITED STATES of America, Plaintiff,**

**v.**

**Roy R. FISHER and Joyce Fisher, Defendants.**

**No. 77–C–99.**

United States District Court, E. D. Wisconsin.

June 5, 1978.

William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Hugh R. Braun, Godfrey & Trump, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The plaintiff, United States, has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Jurisdiction in this civil action is grounded on 28 U.S.C. § 1345.

Plaintiff's complaint basically alleges that Security State Trust and Savings Bank of Bettendorf, Iowa (Security) made a loan to Fisher-Crest Ltd., Co. in the original principal amount of $285,000. This loan was evidenced by a note of Fisher-Crest Ltd.

The defendants, Roy R. Fisher, Jr. and Joyce Fisher, executed and delivered to Security their written guarantees of payment on this note. In accordance with the terms of a participation agreement, Security endorsed, assigned and delivered the note to the Small Business Administration (SBA). The SBA is the present owner of the note.

Fisher-Crest Ltd., Co. has defaulted on installments of the loan and allegedly a principal sum in excess of $241,000 plus accrued interest is due and owing on the loan.

Plaintiff moved for summary judgment alleging that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law. *See, Poller v. Columbia Broadcasting Co.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

In opposing this motion, the defendants allege that the collateral was surrendered to the SBA in July, 1975 and that the defendants were not given an accounting regarding the disposition of this collateral. Defendants further allege that they believe the sale of the collateral by the SBA was not commercially reasonable.

The guarantee agreement involved in this action states:

In order to induce Security Trust and Savings Bank, Bettendorf, Iowa to make a loan or loans, or renewal or extension thereof, to Fisher-Crest Ltd. Co. (A Texas Corporation), the Undersigned hereby unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor, made by the Debtor to Lender, dated . . . in the principal amount of $285,000.00, with interest at the rate of 8½ per cent per annum.

\* \* \* \* \* \*

The Undersigned hereby grants to Lender full power, in its uncontrolled discretion and without notice to the undersigned, but subject to the provisions of any agreement between the Debtor or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:

\* \* \* \* \* \*

(e) In the event of the nonpayment when due, whether by acceleration or otherwise, of any of the Liabilities, or in the event of default in the performance of any obligation comprised in the collateral, to realize on the collateral or any part

thereof, as a whole or in such parcels or subdivided interests as Lender may elect, at any public or private sale or sales, for cash or on credit or for future delivery, without demand, advertisement or notice of the time or place of sale or any adjournment thereof (the Undersigned hereby waiving any such demand, advertisement and notice to the extent permitted by law), or by foreclosure or otherwise, or to forbear from realizing thereon, all as Lender in its uncontrolled discretion may deem proper, and to purchase all or any part of the collateral for its own account at any such sale or foreclosure, such powers to be exercised only to the extent permitted by law.

The agreement further provides in pertinent part:

The obligations of the Undersigned hereunder, and the rights of Lender in the collateral, shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights against Lender . . . by reason of the fact that the value of any of the collateral, or the financial condition of the Debtor or of any obligor under or guarantor of any of the collateral, may not have been correctly estimated or may have changed or may hereafter change; nor by reason of any deterioration, waste, or loss by fire, theft, or otherwise of any of the collateral, unless such deterioration, waste, or loss be caused by the willful act or willful failure to act of Lendor.

The guarantee is unconditional as to the lender and its assigns.

The Court is of the opinion that the agreement between the bank and the defendants in this case clearly shows that the defendants' position is without legal foundation. The defenses raised by the defendants are precluded by the express language of the guarantee.

Furthermore, absent an allegation and showing of willful deterioration, waste or loss of the collateral by the bank or the SBA, the defendants' defenses must fail according to the terms of the guarantee. *See, United States v. Proctor,* 504 F.2d 954 (5th Cir. 1974); *Austad v. United States,* 386 F.2d 147 (9th Cir. 1967); *United States v. Newton Livestock Auction Co.,* 336 F.2d 673 (10th Cir. 1964); *United States v. Iselin,* Civil No. 74–C–208 (E.D.Wis. Aug. 11, 1976).

In this case, the defendants have not alleged any willful deterioration, waste or loss of the collateral.

In light of the foregoing, the Court finds that plaintiff's motion for summary judgment must be and is hereby GRANTED.