Elaine CHRISTENSEN, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. CV–R–83–93–ECR.

United States District Court,
D. Nevada.

Dec. 15, 1983.

Richard E. Olson, Jr., Nevada Indian-Rural Legal Services, Carson City, Nev., for plaintiffs.

Lamond R. Mills, U.S. Atty., Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendants have moved pursuant to Fed. R.Civ.P. 12(c) for judgment on the pleadings denying Plaintiffs all the relief they have sought against Defendants in this case.

Plaintiffs, according to the complaint, are American Indians and the surviving heirs of Katie Martinez, deceased. Each of the plaintiffs claims an undivided interest in an Indian allotment, consisting of a 40-acre tract in Douglas County, Nevada, conveyed to Mrs. Martinez by trust patent issued by the United States in 1933. At that time, and continuing to the present, the allotment parcel has been landlocked in that it is completely surrounded by other tracts of public lands (national forest) and private lands. The only feasible access to the Martinez allotment from a public road allegedly is across land patented in fee in 1876 to a predecessor of present owner Eugene Scossa.

The Martinezes were permitted to use a right-of-way across the Scossa land until the death of Katie Martinez' husband in 1951. (Katie Martinez herself had died in 1948). Permission then was revoked. Plaintiffs repeatedly have requested the Bureau of Indian Affairs to provide them with access to the allotment parcel, but none has been provided.

The complaint invokes the jurisdiction of the Court pursuant to 25 U.S.C. § 345, which authorizes Indians "who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress" to commence and prosecute an action in relation to their right thereto in the proper U.S. district court.

The United States holds the allotment land in trust for the use and benefit of the heirs of the allottee under 25 U.S.C. § 348. This is the source of the duty owed by Defendants to Plaintiffs, the latter contend in the complaint. The relief sought is fourfold: (1) A declaratory judgment that the United States, as trustee, has a duty to provide access to the allotment parcel; (2) a writ in the nature of mandamus requiring the United States to take immediate action to provide access; (3) a declaratory judgment that the United States is liable for money damages for deprivation of the use and benefit by Plaintiffs of the parcel; and (4) an award of money damages for said deprivation.

Defendants' answer to the complaint alleges, among other things, that the United States has not waived its sovereign immunity, that the Court lacks subject matter jurisdiction, and that the complaint fails to state a claim for relief which can be granted.

In their motion for judgment on the pleadings, Defendants argue that a generalized breach of trust contention is insufficient to state a claim for relief. They cite a recent U.S. Supreme Court case, *United States v. Mitchell,* — U.S. —, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), which declares that 25 U.S.C. § 348 imposes only limited fiduciary duties on the Government. Those duties are to prevent improvident alienation of the land and to ensure allottees immunity from state taxation. Defendants contend that the objective of § 348 is to place Indian settlers on the same footing as white settlers on public lands. They state that the Government owes no duty to white settlers to provide any access greater than expressed in the conveyance itself or in an applicable statute.

Plaintiffs distinguish *Mitchell* on the ground that it involved the management of timber on a previously issued allotment. Here, they urge, the central focus must be on the responsibility of the Government at the time (1933) it issued the patent to Mrs. Martinez. That responsibility, Plaintiffs say, was to assure the allottee the full use and benefit of her allotment as her home and as a source of livelihood. This, it is alleged, was Congressional intent in enacting the Indian General Allotment Act, 25 U.S.C. §§ 331–358. Also, they point out, Mrs. Martinez' allotment was within a national forest. Therefore, 25 U.S.C. § 337 controlled, which obligated her to occupy and improve the parcel. This is in contrast to allotments issued within Indian reservations, where no change of position was required of the allottees.

The converse of the factual circumstances of this case existed in *United States v. Clarke,* 529 F.2d 984 (9th Cir.1976). There, an Indian obtained a trust patent to an allotment in what had been public domain. Subsequently, a non-Indian received a patent to an adjacent parcel and claimed an easement of necessity through the Indian's land. The Court held that it would not enlarge the scope of the patent that had been issued to the non-Indian. He had known at the time he received his patent that he had to cross the Indian's land to reach his own parcel, yet he had not requested his grantor, the United States, to convey to him any easement it might have. Among the reasons given for the decision was the right of the Indian to unencumbered title to her allotment.

The *Clarke* case isn't necessarily controlling here, however. It has been the policy of Congress to protect Indians against their own improvidence. *See United States v. Oklahoma Gas & Electric Co.,* 318 U.S. 206, 211, 63 S.Ct. 534, 536, 87 L.Ed. 716 (1943). This general trust relationship continues to affect the relationship between the Government and Indian people. *United States v. Mitchell,* — U.S. —, 103 S.Ct. 2961, 2972, 77 L.Ed.2d 580 (1983).

■ The general rule that the United States may not be sued without its consent has been waived by the enactment of 25 U.S.C. § 345. *Fontenelle v. Omaha Tribe of Nebraska,* 430 F.2d 143, 146 (8th Cir. 1970). The statute applies to the protection of an Indian's interests in his allotment after he has acquired it. *Loring v. United States,* 610 F.2d 649, 650 (9th Cir.1979); *Scholder v. United States,* 428 F.2d 1123, 1129 (9th Cir.1970).

■ It is clear that declaratory and mandamus relief may be afforded against a Government official, such as the Secretary of Interior, if he violates a statutory duty owed to the plaintiff. *United States v. Mitchell, supra* 103 S.Ct. at 2973; *see also* 28 U.S.C. § 1361. However, Plaintiff's entitlement to money damages depends upon whether any federal statute can fairly be interpreted as mandating compensation for the damage sustained. *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983); *Mitchell, supra* 103 S.Ct. at 2968. The General Allotment Act, itself, does not confer a right to recover money damages against the United States. *Ibid.* Its aims are only to prevent improvident alienation and to ensure that allottees will be immune from state taxation. *Ibid.; United States v. Mitchell,* 445 U.S. 535, 544, 100 S.Ct. 1349, 1354, 63 L.Ed.2d 607 (1980). Therefore,

some other statute would have to give rise to a fiduciary duty owed by the Government to Plaintiffs. If such a trust relationship is found to exist, damages resulting from its breach may be recovered as an incident of the relationship. *Mitchell* at 103 S.Ct. 2973.

 Plaintiffs' position is set forth on page 9 of their memorandum of points and authorities in opposition to the instant motion: "The Plaintiffs here contend that in issuing that Allotment trust patent, the Defendant United States had the obligation and responsibility under the General Allotment Act to assure that the allottee had the use and benefit of that Allotment, by providing access to the Allotment." The *Mitchell* cases preclude recovery of damages under the Act, for the Government has not failed in its fiduciary duties arising thereunder, i.e., prevention of improvident alienation and state taxation. No other statute or regulation has been cited by Plaintiffs as creating a trust obligation on the part of the Government toward them, and the Court knows of none. Therefore, they are not entitled to money damages, even if they should prove the material allegations of their complaint.

Nevertheless, declaratory and mandamus relief is not beyond the reach of Plaintiffs' complaint, as a matter of law. In discussing the General Allotment Act, the opinion in *United States v. Mitchell*, 445 U.S. 535, 543, 100 S.Ct. 1349, 1354, 63 L.Ed.2d 607 states: "Congress intended that, even during the period in which title to allotted land would remain in the United States, the allottee would occupy the land as a homestead for his personal use in agriculture or grazing." *See also Pallin v. United States*, 496 F.2d 27, 35 (9th Cir.1974). In a different context, the Supreme Court has indicated an obligation to Indian allottees as follows: "It was the intent of Congress that, for their sustenance and as a fitting aid to their progress, they should be secure in their possession during the period specified and should actually hold and enjoy the allotted lands." *Heckman v. United States*, 224 U.S. 413, 438, 32 S.Ct. 424, 431, 56 L.Ed. 820 (1912).

■ For the purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true; only if, in light of those facts, the moving party is clearly entitled to judgment, may the motion be granted. *Austad v. United States*, 386 F.2d 147, 149 (9th Cir.1967); 2A Moore's Fed.Prac. § 1215. It does not appear beyond doubt that Plaintiffs cannot prove any set of facts which will entitle them to declaratory and mandamus relief. *See George C. Frey Ready-Mixed Con. v. Pine Hill C.M.*, 554 F.2d 551, 553 (2nd Cir.1977). Plaintiffs are entitled to an opportunity to attempt to prove that their exclusion from their allotment has been caused by violation of Defendants' duty to them under the General Allotment Act.

IT IS, THEREFORE, HEREBY ORDERED that Defendants' motion for judgment on the pleadings be, and it hereby is, DENIED.