754

UNITED STATES of America, Plaintiff,

v.

Harry E. ROOK, a/k/a Harry E. Rook, Jr., Last Known Officer and Director and Statutory Trustee of H.E.R. Enterprises, Ltd., and Harry E. Rook, a/k/a Harry E. Rook, Jr., and Linda Rook, Defendants.

Larry R. SHOUSE and Deborah H. Shouse, and Raymond E. Agee and Helyn S. Agee, Defendants/Third–Party Plaintiffs,

v.

MERCANTILE BANK OF KANSAS CITY, Third–Party Defendant.

Civ. A. No. 88–2032.

United States District Court,
D. Kansas.

March 20, 1989.

Benjamin L. Burgess, Jr., U.S. Atty., Leon J. Patton, Asst. U.S. Atty., Kansas City, Kan., for U.S.

Michael E. Callen, Callen, Sexton & Shelor, Kansas City, Kan., Craig A. Strayer, Condon & Fillmore, P.C., M. Jan Day, Smith, Gill, Fisher & Butts, Kansas City, Mo., Frank W. Lipsman, Overland Park, Kan., Lyle M. Hanson, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This action arises from Small Business Administration (SBA) guaranties executed by the defendants. By executing the unconditional guaranties, defendants agreed to repay a promissory note executed by H.E.R. Enterprises, Ltd., d/b/a Edwards of Kansas City, payable to Mercantile Bank and Trust Company, now Mercantile Bank of Kansas City ("Mercantile"). Mercantile assigned all its right, title and interest in

the promissory note, the security agreement securing payment of the note, and guaranties to the SBA. H.E.R. Enterprises, Ltd., and the other obligors, including the defendants, have failed to make the payments due under the note and are in default. Consequently, the SBA exercised its option under the note to declare the whole balance due and owing.

This matter is before the court on various motions by the parties. Plaintiff, on behalf of the SBA, moves the court for summary judgment on its claim, as well as on defendants Larry and Deborah Shouse's, and Raymond and Helyn Agee's counterclaim. Plaintiff claims that the defendants, by virtue of their unconditional guaranties, are liable for the full amount remaining due under the promissory note, namely $45,830.45 in principal, $3,927.80 in accrued interest from November 6, 1986, through September 21, 1987, and the interest which continues to accrue on the principal balance at the rate of 9.75% per annum from September 21, 1987, to the date of judgment. Additionally, plaintiff claims that the Agee and Shouse defendants are not entitled to a set-off for alleged damages resulting from third-party defendant Mercantile's failure to call H.E.R. Enterprises' note when H.E.R. Enterprises moved its business location from Missouri to Kansas. Third-party defendant Mercantile moves for summary judgment on the third-party plaintiffs' claims for contribution and indemnification.

Defendants oppose the above motions, basing their opposition on three affirmative defenses: (1) defendants are not liable under their guaranties because the collateral securing the promissory note was wasted by Mercantile's willful failure to act (*i.e.,* Mercantile's failure to call the note when H.E.R. Enterprises moved to Kansas); (2) Mercantile's willful failure to act operated as a waiver, thus extinguishing defendants' obligations under their guaranties, or alternatively, made Mercantile liable to defendants for contribution and indemnification; and (3) Mercantile's willful failure to act operated as a novation, thus extinguishing defendants' obligations under their guaranties.

In considering the parties' motions for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving parties. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). According to the federal rules, summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Company v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

The facts, as briefly outlined above, are not in dispute. Relying on their affirmative defenses, defendants do dispute, however, that they are liable for the amounts now due and owing on H.E.R. Enterprises' promissory note. If any of defendants' proffered affirmative defenses raises a

genuine factual issue, summary judgment is inappropriate. However, to defeat plaintiff's and third-party defendant's summary judgment motions, defendants must present facts to support each of their affirmative defenses. *See United States v. Wallace & Wallace Fuel Oil Co.*, 540 F.Supp. 419, 425 (S.D.N.Y.1982). Even assuming the truth of all the facts supporting defendants' arguments, due to the unconditional nature of their guaranties, their affirmative defenses of waiver and novation fail as a matter of law. Moreover, defendants have failed to present sufficient facts to support their affirmative defense that Mercantile willfully caused the waste of the collateral securing the promissory note. Accordingly, summary judgment will be granted in plaintiff's and third-party defendant's favor.

■ The *guaranties* defendants signed provide in pertinent part:

In order to induce Mercantile Bank & Trust Company (hereinafter called "Lender") to make a loan or loans, or renewal or extension thereof, to H.E.R. Enterprises, Ltd. d/b/a Edwards of Kansas City, (hereinafter called the "Debtor"), the Undersigned hereby unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor, made by the Debtor to Lender, dated 8/4/82 in the principal amount of $175,000....

The Undersigned hereby grants to Lender full power, in its uncontrolled discretion ... to deal in any manner with the Liabilities and the collateral, including ...

(b) ... to change the terms of any such agreement....

The obligations of the Undersigned hereunder shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights or recourse against Lender, by reason of any action Lender may take or omit to take under the foregoing powers....

The obligations of the Undersigned hereunder, and the rights of Lender in the collateral, shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights against Lender: ... by reason of any deterioration, waste, or loss by fire, theft, or otherwise of any of the collateral, unless such deterioration, waste, or loss be caused by the willful act or willful failure to act of Lender.

The language of the guaranties is clear and unambiguous: the Lender may deal with the collateral in its discretion, including changing the terms of the security agreement. (The security agreement provided that the collateral securing the promissory note was not to be moved from the Missouri address without the written consent of the lender, Mercantile. If H.E.R. Enterprises violated this condition of the security agreement, or any other condition, Mercantile could declare the note in default.) Thus, defendants' unconditional guaranties waived any right to complain that the collateral securing the promissory note was moved from Missouri to Kansas. Therefore, Mercantile's decision not to declare the note in default when the collateral was moved from Missouri to Kansas was within the discretion granted to it under the express terms of defendants' unconditional guaranties, and did not extinguish defendants' obligations by waiver or novation.

■ Defendants' third affirmative defense is that Mercantile's failure to declare the note due when H.E.R. Enterprises moved the collateral from Missouri to Kansas comes within the guaranties' provision that the obligations of the guarantors are released or discharged when the collateral is wasted by the Lender's willful act or willful failure to act. The Tenth Circuit interpreted an identical provision in *United States v. New Mexico Landscaping, Inc.*, 785 F.2d 843 (10th Cir.1986). In *New Mexico Landscaping*, the Tenth Circuit concluded:

Any legal *duty* on the part of the SBA to protect the collateral from "deterioration, waste, loss by fire, theft or other-

wise," ... was expressly waived in the guaranty agreement. Therefore, in order to establish a "willful act or willful failure to act," by the SBA under the guaranty agreement, a guarantor must allege more than "gross neglect of a known duty." A guarantor seeking to establish "willfulness" under this guaranty agreement must allege "a purpose by the SBA to diminish the value of the security in order to intentionally injure the defendants." *Austad v. United States*, 386 F.2d 147, 151 (9th Cir.1967) (guarantors waived rights under an SBA guaranty agreement).

*Id.* at 847–48. The court concludes that *New Mexico Landscaping* is controlling. Defendants fail to offer any evidence that Mercantile's decision to allow H.E.R. Enterprises to move the collateral securing the promissory note from Missouri to Kansas was made for the purpose of diminishing the collateral's value or for intentionally injuring them. Indeed, the evidence before the court indicates that Mercantile's decision had the opposite purpose: Mercantile allowed the move on H.E.R. Enterprises' representation that the move from Missouri to Kansas would increase the company's profitability. Moreover, the parties agree that at the time of the company's move, the promissory note was not in default, and the collateral wholly secured the note. Thus, Mercantile's decision to not call H.E.R. Enterprises' note upon its relocation to Kansas does not constitute the requisite "willful failure to act" that invokes the exclusion provision in the defendants' guaranty agreements.

The court concludes that the plaintiff's motion for summary judgment on its claims must be granted. The plaintiff has established the existence of the underlying promissory note, the existence of the unconditional guaranty, the default of the principal obligor, and demand on the guarantors. Furthermore, defendants' affirmative defenses are insufficient as a matter of law. The court also concludes that plaintiff's motion for summary judgment on the Shouse and Agee defendants' counterclaim and the third-party defendant's motion for summary judgment must be granted. De-

fendants failed to allege or offer any proof of a purpose by Mercantile to diminish the value of the collateral in order to intentionally injure the defendants. Under the dictates of *New Mexico Landscaping*, the waste of the collateral was thus not caused by any willful act or willful failure to act on Mercantile's part. Consequently, Mercantile is not liable to defendants for damages, contribution or indemnification.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment on its claim against Harry E. Rook, a/k/a Harry E. Rook, Jr., in his capacity as Last Known Officer and Director and Statutory Trustee of H.E.R. Enterprises, Ltd., Larry R. Shouse, Deborah H. Shouse, Raymond E. Agee and Helyn S. Agee, and on the Agee and Shouse defendants' counterclaim is granted. The clerk is directed to enter judgment against the above-listed defendants in the amount of $49,758.25 for principal and interest due and owing as of September 21, 1987, plus interest accruing from September 22, 1987, to the date of judgment at the rate of 9.75% per annum, plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment against Harry E. Rook (a/k/a/ Harry E. Rook, Jr.) and Linda A. Rook in their individual capacities is stayed pending proceedings in the United States Bankruptcy Court.

IT IS FURTHER ORDERED that third-party defendant's motion for summary judgment is granted.