**CALIFORNIA ex. rel. VAN de KAMP et al., Plaintiffs,**

v.

**William K. REILLY, et al., Defendants,**

**and**

**American Frozen Food Institute, et al., Defendant–Intervenors.**

**No. Civ. S–89–752 RAR.**

United States District Court, E.D. California.

Sept. 30, 1990.

**434**

Kenneth W. Weinstein, Anthony C. Ching and Lawrence S. Ebner, McKenna, Conner & Cuneo, Los Angeles, Cal., for defendant-intervenors.

Peter W. Colby, U.S. Dept. of Justice, Environmental Defense Section, Washington, D.C., for defendants.

John K. Van de Kamp, Atty. Gen., Gail Ruderman Feuer, Deputy Atty. Gen., Los Angeles, Cal., Stephen P. Berzon, Altshuler, Berzon, Nussbaum, Berzon & Rubin, San Francisco, Cal., Laurence Gold, Washington, D.C., for plaintiffs.

William W. Reilly, Office of Gen. Counsel, U.S. E.P.A., Washington, D.C., U.S. Attorney's Office Edward Knapp, Asst. U.S. Atty., Sacramento, Cal., Albert H. Meyerhoff, Natural Resources Defense Council, San Francisco, Cal., Ralph Santiago Abascal, California Rural Legal Assist-

ance, Inc., San Francisco, Cal., Lawrence S. Ebner, Kenneth W. Weinstein, Washington, D.C.

PRENTICE H. MARSHALL, District Judge, Sitting by Designation.

Previously pending on this court's civil law and motion calendar for April 13, 1990, was defendants' motion to dismiss and defendant intervenors' motion for judgment on the pleadings. Having the benefit of full briefing, as well as the parties' oral argument, the court denies the motions for the following reasons.

BACKGROUND

Plaintiffs are the people of California, Public Citizen, AFL–CIO, Natural Resources Defense Council, and several individuals. Defendants are the Environmental Protection Agency (EPA) and its Administrator, William K. Reilly. Defendant intervenors are several organizations of chemical producers and food processors.

This case presents a facial challenge to the EPA's dual system of regulating pesticides that cause cancer and leave residues in processed foods. Under the current system, the EPA distinguishes between "new" and "old" pesticides. "New" pesticides are those which have yet to receive EPA approval. "Old" pesticides are those which the EPA originally found benign but have since been found to cause cancer. "Old" pesticides have been registered for use in, and do in fact exist in, the nation's food supply.

Under the EPA's current dual system, "new" pesticides are barred from use on food if they concentrate during the processing of the food[1] and are not "safe" within the meaning of § 409 of the Food, Drug and Cosmetic Act (the Act), 21 U.S.C. § 348(c)(3) [hereinafter § 409]. The Act's so-called Delaney Clause provides that pesticides are not "safe" if "found to induce cancer when ingested by man or animal." 21 U.S.C. § 348(c)(3)(A). The EPA does not, however, apply the Delaney Clause to "old" pesticides.

---

1. Pesticides can "concentrate" during the processing of food, such that the processed food has a higher percentage of pesticides than did the raw food from which the processed food was manufactured.

Plaintiffs seek a judicial determination that the Act requires the EPA to apply the Delaney Clause to all carcinogenic pesticides, regardless of when the chemicals were found to cause cancer. Plaintiffs also want the EPA to adopt a plan to obtain and review data to determine whether carcinogens are found in processed foods.

The instant motions to dismiss challenge, *inter alia,* the court's subject matter jurisdiction over this case. Plaintiffs allege that the action arises under the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 342 and 348, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Plaintiffs contend jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1337, and 1361. Venue is proper pursuant to 28 U.S.C. § 1391(b).

DISCUSSION

*A. Legal Standard: Motion to Dismiss*

■ A complaint should be not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984); 2A J. Moore, Moore's Federal Practice (Para) 12.-08 at 2271 (2d 1982).

*B. Legal Standard for Judgment on the Pleadings*

■ The standard applied to Rule 12(c) motions is essentially the same as that applied to Rule 12(b) motions: judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *See Austad v. United States,* 386 F.2d 147 (9th Cir.1967). A Rule 12(c) motion may be used as a vehicle for raising several of the defenses enumerated in Rule 12(b) after the close of the pleadings. For purposes of consideration of a 12(c) motion, the court is required to view the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the

nonmoving party. The movant must establish that no material issue of fact remains to be resolved, and that movant is entitled to judgment as a matter of law. Wright & Miller, Federal Practice & Procedure: Civil, § 1367 at 690.

*C. Defendants' Contentions*

Defendants raise four contentions in support of their motion to dismiss. In a nutshell, these are:

(1) lack of jurisdiction because plaintiffs' claims fall outside the Act's provision for judicial review, 21 U.S.C. § 348(g)(1);

(2) lack of jurisdiction pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* because no final agency action exists;

(3) lack of jurisdiction pursuant to the mandamus statute, 28 U.S.C. § 1361, because the action plaintiffs seek is discretionary rather than ministerial; and

(4) the matter is not ripe for judicial review, because the EPA has yet to establish a final policy, and/or because plaintiffs have failed to exhaust their administrative remedies.

Defendant intervenors raise the same ripeness contentions in support of their motion for judgment on the pleadings, and additionally argue that plaintiffs have failed to state a claim because the EPA's tolerance-setting function under the statute is permissive, rather than mandatory.

Each of these contentions will be addressed in turn.

1. The Act's Provisions for Judicial Review

Defendants rely on 21 U.S.C. § 348(g)(1), which provides for judicial review in the court of appeals of orders issued pursuant to 21 U.S.C. § 348(f). Subsection (f) provides a procedure for objections and public hearings regarding EPA orders. Subsection (g) provides for judicial review of those orders. Defendants argue that subsection (g) sets forth the entire permissible scope of judicial review of EPA action, or inac-

tion, pertaining to § 409 of the Act. Defendants argue that because plaintiffs have not utilized the objection and public hearing procedure set forth in subsection (f), plaintiffs' claims are beyond the statutory scope of judicial review.

■ Plaintiffs contend that § 409(g)'s provision for judicial review is not exclusive, and is not applicable to a challenge to EPA policies such as they present in this case. Plaintiffs' position is supported by the Supreme Court's decision in *Young v. Community Nutrition Institute*, 476 U.S. 974, 106 S.Ct. 2360, 90 L.Ed.2d 959 (1986). In *Young* the Court reviewed on the merits a challenge brought in the district court to a Food and Drug Administration's policy regarding § 406 of the Act, which contains a judicial review provision virtually identical to that found in § 409(g). The fact that the Court did not even discuss the jurisdictional issue suggests that the judicial review provisions of the Act are not exclusive.

The D.C. Circuit Court of Appeals has held that district court jurisdiction was proper over a challenge to a policy of nonenforcement under the Act. *Cutler v. Hayes*, 818 F.2d 879, 882 (D.C.Cir.1987). In explicitly rejecting the same jurisdictional argument the government makes here the D.C. Circuit held:

> The FDC Act contains no single, overarching provision governing judicial review. Instead, discrete agency actions are subject to specialized review provisions.... Agency action taken under sections silent in this respect are directly reviewable in a district court under some appropriate head of its jurisdiction, for courts of appeals have only such jurisdiction as Congress has chosen to confer upon them.

818 F.2d at 887 n. 61.

Plaintiffs persuasively argue that the plain language of § 409(g) gives courts of appeals jurisdiction only over final orders concerning specific pesticides. In the instant case, where the challenge is to an alleged systemic EPA policy of nonenforce-

ment of the Delaney Clause, the limited review provisions of § 409(g) do not apply.

Defendants' argument that plaintiffs' claims should have been brought pursuant to § 409(g) because they are related to the process of setting tolerances is similarly unavailing. The Supreme Court has held that a provision which refers expressly to review of "final orders," as does § 409(g), does *not* encompass a claim under the Act simply because the claim is related to or may affect a "final order," but applies only to those claims "literally" falling within the provision's scope. *Cheng Fan Kwok v. INS*, 392 U.S. 206, 210–12, 88 S.Ct. 1970, 1973–74, 20 L.Ed.2d 1037 (1968).

Plaintiffs' position in this regard is further supported by the Ninth Circuit's decision in *Nader v. EPA*, 859 F.2d 747, 751 (9th Cir.1988). In *Nader* the Ninth Circuit held that "[b]y its plain terms, 21 U.S.C. § 348(g) [§ 409(g) of the Act] permits judicial review in the [Court of Appeals] only of orders issued under subsection (f)."

There is no indication that Congress intended the limited review provision of § 409(g) to deprive federal district courts of subject matter jurisdiction under 28 U.S.C. § 1331 to hear statutory or constitutional challenges to the agency's actions. *See UAW v. Brock*, 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986). Based on the foregoing, it appears that the statute's limited judicial review provision does not divest this court of jurisdiction over plaintiff's claims. Therefore, the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

### 2. Does a Final Agency Action Exist Within the Meaning of the Administrative Procedures Act?

The government contends that the EPA's refusal to apply the Delaney Clause to "old" pesticides does not constitute a final agency action subject to review pursuant to the Administrative Procedures Act, 5 U.S.C. § 704.[2] In support the EPA relies

---

**2.** 5 U.S.C. § 704 provides:

Agency action made reviewable by statute and *final agency action for which there is no other adequate remedy in a court are subject to*

*judicial review.* A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as

on a 1988 policy statement in which the agency asserts that it has not yet reached a final position on the legal question at issue in this action. 53 Fed.Reg. 41108–09.

Plaintiffs contend that the decision to apply the Delaney Clause to "old" pesticides has already been made by Congress, and that the EPA lacks discretion to decide otherwise. Defendants admit that review pursuant to the Administrative Procedures Act is proper in "instances of agency inaction in the face of a clear statutory duty." *See Environmental Defense Fund v. Ruckelshaus*, 439 F.2d 584, 593–94 (D.C. Cir.1971).

In *Abramowitz v. EPA*, 832 F.2d 1071 (9th Cir.1987), the Ninth Circuit rejected the EPA claim, in a Federal Register notice, to have deferred final action. The court held:

> We do not believe that the Agency's own designation of its action determines the jurisdictional issue. When faced with a similar defense of Agency deferral, the District of Columbia Circuit noted that "EPA's position—that final action has not been taken—does not affect our jurisdiction.... Judicial review of a decision not to regulate must not be frustrated by *blind* acceptance of an agency's claim that a decision is still under study." *Sierra Club v. Gorsuch*, 715 F.2d [653] at 658–59 [ (D.C.Cir.1983) ] (emphasis in original). The mere fact the Agency did not label its action "final" does not preclude review in this court.... *It is the effect of the action and not its label that must be considered.*

*Id.* at 1075 (emphasis added).

The Supreme Court has directed the lower courts to look "pragmatically" at the circumstances of the challenged action, including whether the action violates legal responsibilities and has actual, ongoing consequences. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). The Court held that "An 'agency action' includes any

otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of re-

'rule,' defined by the Act as 'an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy,' §§ 2(c), 2(g), 5 U.S.C. §§ 551(4), 551(13)." *Id.*

■ In this case plaintiffs argue that the EPA's inaction in not applying the Delaney Clause to "old" pesticides violates legal responsibilities by contravening Congressional intent and has actual, ongoing consequences in that it jeopardizes the public health. Moreover, plaintiffs view the Federal Register notice as a public pronouncement of a long-standing EPA practice. Thus, plaintiffs conclude, the EPA's current practice is a reviewable final action under the Administrative Procedures Act.

While the EPA does not label its policy "final," it nevertheless admits that the refusal to apply the Delaney Clause to "old" pesticides constitutes "[t]he system that has been used by EPA so far...." 53 Fed.Reg. at 41109. The Delaney Clause was enacted in 1958. From that time until 1970, the Food and Drug Administration (FDA) implemented the statute. Under Reorganization Plan No. 3 of 1970, the authority to set tolerances for pesticides pursuant to 21 U.S.C. § 348 was transferred from the FDA to the EPA. The FDA retained authority to set tolerances for all food additives other than pesticides. The FDA has continuously interpreted the Delaney Clause since it was first enacted, and has consistently taken the opposite position from that which the EPA has taken. The EPA acknowledges that the FDA interprets "the Delaney Clause as applying to food additives established prior to any indication of carcinogenic effect for such chemicals." 53 Fed.Reg. at 41109 n. 10. By contrast the EPA has, for the twenty years since its inception in 1970, consistently and continuously refused to apply the Delaney Clause to "old" pesticides.

consideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority. (Emphasis added.)

For these reasons, particularly given the Supreme Court's instruction to view the "finality" element pragmatically and flexibly, the court finds that the EPA's decades long practice constitutes a final agency determination for purposes of judicial review pursuant to the Administrative Procedures Act. Therefore, the court has subject matter jurisdiction over this case pursuant to the Administrative Procedures Act, 5 U.S.C. § 704.

### 3. Is the Action Plaintiffs Seek Ministerial or Discretionary?

█ The mandamus statute, 28 U.S.C. § 1361, provides district courts with jurisdiction to order agencies and officials of the United States "to perform a duty owed to the plaintiffs." *Id.* Mandamus is available, however, to compel only ministerial, not discretionary, acts. *See King v. Morton,* 520 F.2d 1140, 1146 (D.C.Cir.1975); *Prairie Band of Pottawatomie Tribe v. Udall,* 355 F.2d 364, 367 (10th Cir.1966), *cert. denied,* 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966). Defendants contend that the relief plaintiffs request consists entirely of acts within the EPA's discretion, and therefore that subject matter jurisdiction does not exist pursuant to the mandamus statute.

Plaintiffs contend that the statute in question does indeed pose a mandatory duty on the EPA to apply the Delaney Clause to "old" pesticides, rendering those acts ministerial. It appears, therefore, that in order to determine whether or not the relief plaintiffs seek is within the EPA's ministerial or discretionary purview requires the court to first reach a decision on the merits of plaintiffs' claim. Given the existence of jurisdiction based on federal question and the Administrative Procedures Act, discussed *supra,* the court need not presently reach the question of whether subject matter jurisdiction also exists pursuant to the mandamus statute.

### 4. Is the Matter Ripe for Judicial Review?

Defendants and intervenors raise two arguments in support of their contention that this matter is not ripe for judicial review. First, defendants and intervenors recycle their finality argument, contending that the EPA has not established a final policy and thus that plaintiffs action is premature. This is the same argument considered and rejected *supra.*

Second, defendants and intervenors argue that this suit is premature because plaintiffs have failed to exhaust the available administrative remedies. Plaintiffs should be required to first use the statutory petition procedures related to the setting of tolerances, according to defendants and intervenors. *See* 21 U.S.C. § 348(b) & (c).

█ Plaintiffs argue that the administrative procedures to which defendants point do not apply to the issues raised in this action. Plaintiffs note that these procedures pertain to the setting of individual tolerances governing specific pesticides and food uses, and that no similar administrative procedures exist to challenge the EPA's practice of refusing to apply the Delaney Clause to "old" pesticides. Plaintiffs argue that in order to take the administrative route in this case, they would need to know information which they believe is in the EPA's exclusive possession, including the name, regulatory status and carcinogenicity and concentration in processed food, of every existing pesticide. Plaintiffs note that they could indiscriminately file petitions with respect to all pesticides that might possibly be carcinogenic, without knowing whether those pesticides concentrate in processed foods. Plaintiffs also note that no procedure exists through which they could assert their claim that the EPA does not gather the necessary data to determine whether a carcinogenic pesticide concentrates and thus requires § 409 action. Plaintiffs conclude that such a shotgun approach is neither required by the statute, nor desireable due to its lack of efficiency.

A review of the petition procedures set forth in 21 U.S.C. § 348(b) and (c) make clear that plaintiffs' interpretation of these sections is correct. These administrative procedures are clearly geared towards pro-

posals calling on the EPA to issue regulations for specific, individual food additives, not to wholesale challenges of the agency's statutory interpretations. Moreover, the approach suggested by the defendants and intervenors would foster the type of inefficiency and duplication of effort that the exhaustion doctrine seeks to avoid. *See Cutler v. Hayes*, 818 F.2d 879, 891 (D.C. Cir.1987). For these reasons the court finds that the instant matter is ripe for judicial review.

### 5. Is the EPA's Tolerance-setting Function Permissive or Mandatory?

■ Intervenors characterize plaintiffs' action as seeking the establishment of tolerances. Intervenors contend that the EPA has discretion to choose from a variety of remedial options upon learning that a pesticide causes cancer and concentrates in processed foods. Therefore, intervenors reason, the agency is not under a duty to take the action plaintiffs seek. From this, intervenors conclude that plaintiffs have failed to state a claim for which relief can be granted.

Plaintiffs respond by noting that their challenge is not limited to the setting of tolerances, but rather extends to the EPA's failure to take any action pursuant to the Delaney Clause once the agency learns that a pesticide causes cancer and concentrates in food. Plaintiffs' complaint alleges that "defendants have failed and refused to examine such data [showing that pesticides concentrate in processed foods] or to establish food additive regulations for these pesticides, *or take other appropriate actions to assure that the public is not exposed to carcinogens in processed foods.*" Complaint at paragraph 21. Plaintiffs seek a declaration that EPA's failure, while possessing data demonstrating that certain carcinogenic pesticides concentrate in processed food, "to establish § 409 tolerances ... *or take other appropriate action to assure that the public is not exposed to carcinogens in processed food* is unlawful." Complaint, Prayer for Relief, at paragraph 1.

Once again, the question of whether the EPA has discretion to choose alternative causes of action regarding the treatment of "old" carcinogenic pesticides under the Delaney Clause constitutes the central legal question presented by plaintiffs' complaint. Given the fact that the statute's plain language appears to be mandatory, the court cannot find the defendant intervenors are entitled to judgment on the pleadings.

For the foregoing reasons, and good cause appearing therefor,

IT IS HEREBY ORDERED that defendants' motion to dismiss is DENIED.

IT IS FURTHER ORDERED that intervenors' motion for judgment on the pleadings is DENIED.

IT IS SO ORDERED.