978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sandra Joyce TOMLIN, Defendant-Appellant.
 No. 91-16709.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 16, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government brought an action against Sandra Joyce Tomlin for failure to repay student loans. Tomlin appeals the district court's grant of the government's motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Between February 1976 and November 1978, Tomlin received $3,500 in student loans from San Jose State University ("San Jose"). Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1087aa-1087hh, authorizes the loans under the National Direct Student Loan Program. These loans are low-interest loans, in this case 3 percent per year, made by an institution to financially needy students.
 
 
 4
 The terms of the loan agreement between Tomlin and San Jose required her to begin payments on her loans nine months after she was no longer at least a half time student. In January 1979, Tomlin ceased being a half time student and her grace period ended October 1979. On January 29, 1990, San Jose assigned Tomlin's defaulted loans to the Department of Education pursuant to 20 U.S.C. § 1087cc(a)(5). The amount due as of November 21, 1990, the date of the certificate of indebtedness, totalled $3,760.06.
 
 
 5
 Tomlin does not deny any of the material elements of the government's claim. However, Tomlin contends that the contract is unenforceable because: 1) her right to privacy was violated through the government's use of confidential information; 2) San Jose had falsified her records and her payments were not properly credited to her account; 3) the government violated the court's order to initiate a phone conference; and 4) the service of process was faulty due to illegible lines in the summons.
 
 
 6
 We review the district court's judgment on the pleadings de novo. 3550 Stevens Creek Assoc. v. Barclays Bank, 915 F.2d 1355, 1357 (9th Cir.1990), cert. denied, 111 S.Ct. 2014 (1991).
 
 
 7
 Tomlin first alleges that her right to privacy was violated when members of her family were contacted and allegedly "threatened" by the government's attorney with potential law suits if Tomlin did not repay her loans. The Privacy Act applies to actions by agencies of the United States. See 5 U.S.C. §§ 551(1), 552(e) (now (f)). San Jose is not included in the definition of an agency under the Act. Therefore, no action by San Jose would violate the Privacy Act.
 
 
 8
 Second, Tomlin asserts that San Jose intentionally falsified her records. She alleges that her payment of $365.00 was not appropriately credited to her account. Although there seems to be confusion when the loans were due, the money was nonetheless credited to her account.
 
 
 9
 Finally, Tomlin contends that the district court erred in denying her motion to dismiss under Fed.R.Civ.P. 41(b). We review the district court's order denying a motion to dismiss for abuse of discretion. See Pearson v. Dennison, 353 F.2d 24, 29 (1965). The Magistrate Judge found sufficient the government's reason for its failure to appear at the telephone status conference. Considering all factors, we conclude that he did not abuse his discretion. Tomlin also asserts that the motion should have been granted because the service of the summons was incorrect. She contends that the two men who served her with the summons required her to sign a partially illegible complaint. The Magistrate Judge checked the illegible part of the complaint and was satisfied that the irregularity was corrected. We agree with the Magistrate Judge that the irregularity was harmless.
 
 
 10
 The government has made a prima facie case for the money due on the promissory notes and Tomlin does not raise any affirmative defenses legally sufficient to counter the government's claim. See Austad v. United States, 386 F.2d 147, 149 (9th Cir.1967). Therefore, the district court's grant of judgment on the pleadings on behalf of the government is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3