**JPMORGAN CHASE BANK, Plaintiff–counter–defendant–Appellee,**

v.

**ACCESS HEALTHSOURCE, INC., Defendant–cross–defendant,**

and

**Tamarack Capital LLC; Tamarack Insurance, LLC, Defendants–cross–claimants–Appellants.**

No. 05–15528.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed March 21, 2007.

Richard A. Halloran, Esq., Lawrence A. Kasten, Esq., David Daniel Weinzweig, Esq., Kimberly Jackson Kauffman, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Plaintiff–counter–defendant–Appellee.

John G. Sestak, Jr., Esq., John James Egbert, Jennings Strouss & Salmon, Phoenix, AZ, for Defendant–cross–defendant.

Jack Klausner, J. Brent Welker, Esq., Warner, Angle Hallam, Jackson, Phoenix, AZ, for Defendants–cross–claimants–Appellants.

Before: WALLACE, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM.*

Tamarack Capital LLC and Tamarack Insurance LLC (Tamarack) appeal from the district court's judgment on the pleadings, dismissal of the counterclaim of JPMorgan Chase Bank (JPMorgan), dismissal of the crossclaim of Access Healthsource (Access), and denial of Tamarack's cross-motion for judgment on the pleadings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a Federal Rule of Civil Procedure 12(c) judgment on the pleadings. *Smith v. Nat'l Steel & Shipbuilding Co.*, 125 F.3d 751, 753 (9th Cir. 1997).

> For purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true. The allegations of the moving party which have been denied are taken as false. Only if it appears that, on the facts so admitted, the moving party is clearly entitled to prevail can the motion be granted.

*Austad v. United States*, 386 F.2d 147, 149 (9th Cir.1967) (internal citation omitted). We also review de novo a district court's judgment of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *See In re Broderbund/Learning Co. Sec. Litig.*, 294 F.3d 1201, 1203 (9th Cir.2002). "In so doing, we accept as true all material allegations of the complaint and construe them in the light most favorable to the plaintiffs." *Id.*

Tamarack asserts that the district court erred by determining that the allegations in the complaint, even if true, failed to show that JPMorgan wrongfully dishonored the letter of credit (LOC). Ordinarily, a letter of credit is governed by state law. *See, e.g., W. Sur. Co. v. Bank of S. Or.*, 257 F.3d 933, 936 (9th Cir.2001). JPMorgan contends that Florida law applies, while Tamarack asserts that Arizona law applies. We need not resolve this dispute, because under either State's laws Tamarack has not alleged facts indicating that JPMorgan breached its obligations under the LOC.

Both Florida and Arizona letter-of-credit law track Article 5 of the Uniform Commercial Code (Article 5). *See* Fla. Stat. § 675.101; *Jim Macon Bldg. Contractors, Inc. v. Lake County*, 763 So.2d 1223, 1226 (Fla.Dist.Ct.App.2000); *see also* Ariz.Rev. Stat. § 47–5108. Although neither the parties nor we have uncovered a Florida or Arizona case that is directly on point, other courts interpreting Article 5 have recognized that an injunction "suspend[s]" the issuer's "obligation to honor or dishonor the drafts during the pendency of the legal restraint." *Kelley v. First Westroads Bank*, 840 F.2d 554, 558 (8th Cir.1988); *see also Fanslow v. N. Trust Co.*, 299 Ill. App.3d 21, 233 Ill.Dec. 164, 700 N.E.2d 692, 699 (1998) ("Thus, Northern Trust, which abided by the injunction, cannot be held liable for 'wrongful' dishonor of Fanslow's draw documents").

Tamarack's argument that the Arizona Superior Court Order "voided" the Second Turnover Order in all states, thus obviating JPMorgan's duty to comply with the injunction, is mistaken. The Arizona Superior Court Order purported to void for purposes of enforcement in Arizona only the default judgment, not the Second Turnover Order. The Arizona Superior Court did not thereby render the default judgment, let alone the Second Turnover Order, invalid in all states. Indeed, that

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court, which is one of limited jurisdiction, had no authority to do so.

We disagree with Tamarack's argument that JPMorgan should have recognized that the Second Turnover Order was entered in violation of Tamarack's due process rights, thus obviating JPMorgan's duty to comply with the order. The argument contravenes the "settled principles of the law of civil contempt" which requires a party "to comply with a court order that is both specific and definite." *Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 465 (9th Cir.1989). Because JPMorgan had a duty to abide by the Texas county court's then-valid Second Turnover Order, JPMorgan did not wrongfully dishonor the LOC.

**AFFIRMED.**