**SOUTHPOINTE VILLAS HOME-OWNERS ASSOCIATION, INC., Plaintiff,**

v.

**The SCOTTISH INSURANCE AGENCY, INC.; Security Insurance Company of Hartford; and Royal & Sunalliance Personal Insurance Company, Defendant.**

No. CIV.A.4:01–3847–23.

United States District Court, D. South Carolina, Florence Division.

April 11, 2002.

Gene McCain Connell, Jr, Kelaher Connell and Connor PA, Surfside Beach, SC, for plaintiff.

Morris Dawes Cooke, Jr, David L Harrell, Barnwell Whaley Patterson and Helms LLC, Bradish Johnson Waring, Young Clement Rivers and Tisdale, Charleston, SC, for defendant.

## ORDER

DUFFY, District Judge.

This matter is before the Court upon Plaintiff Southpointe Villas Homeowners Association's Motion for Remand. Defendants removed this action on September 26, 2001. Plaintiff argues that the Court lacks subject-matter jurisdiction to entertain its claims. Specifically, Plaintiff argues that the Court has neither federal question jurisdiction, pursuant to 42 U.S.C. § 4072 or 28 U.S.C. § 1331, nor diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The Plaintiff is a homeowner's association that purchased flood insurance from Defendants. Plaintiff, alleges that Defendants overcharged Plaintiff for flood insurance over the course of "many years." Defendants have refunded overcharged

premiums for the years 1999–2000 and 2000–2001, but refuse to refund any premiums for years prior to 1999 as they contend that the National Flood Insurance Program's *Flood Insurance Manual* prohibits such refunds.

Plaintiff originally filed this action in the Horry County Court of Common Pleas on July 11, 2001. Defendants removed this case on September 26, 2001 alleging federal question jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331. Plaintiff timely filed its Motion to Remand on October 16, 2001.

The flood insurance purchased by Plaintiff is part of the National Flood Insurance Program (NFIP). Congress established the NFIP in 1968 pursuant to the National Flood Insurance Act (NFIA), 42 U.S.C. § 4001 *et seq.* The NFIP is federally subsidized and currently administered by the Federal Emergency Management Agency (FEMA). 42 U.S.C. §§ 4001–4129. In 1983, FEMA promulgated regulations that enabled the agency to use private insurers, called Write–Your–Own insurance companies (WYO), as intermediaries in providing flood insurance. *See* 44 C.F.R. § 61.13(f).[1] The flood insurance policies issued under the NFIP are called Standard Flood Insurance Policies (SFIPs).[2] FEMA regulations exclusively establish the terms of the SFIP as well as the rate structures and premium costs. WYO companies market, issue, and handle claims adjustment of these SFIPs.[3]

WYO companies issue SFIPs in their own names. 44 C.F.R. § 61.13(f), 62.23(a). These companies collect premiums in segregated accounts from which they pay claims and make necessary refunds under those policies. 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), and III(E). After deducting the companies' fees and administrative costs, premiums collected from policy holders are deposited in the National Flood Insurance Fund in the U.S. Treasury. 42 U.S.C. § 4017(d). When the WYO companies lack sufficient funds in their segregated accounts, they draw on FEMA letters of credit from the U.S. Treasury to pay claims and make refunds. While WYO companies defend against claims, FEMA reimburses them for certain defense costs, 44 C.F.R. § 62.23(i)(6),[4] because WYO companies are fiscal agents of the United States, 42 U.S.C. § 4071(a)(1).[5]

Congress established the NFIP "among other things, to limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make

---

**1.** "Today, these companies write over ninety percent of all SFIPs in the country." *Messa v. Omaha Prop. & Cas. Ins. Co.,* 122 F.Supp.2d 513, 518 (D.N.J.2000). Defendants are WYO companies.

**2.** The government requires all WYO companies to use the SFIPs-which cannot be altered by those companies-in order to maintain control over the provision of flood insurance and the resulting burden on the Treasury. 44 C.F.R. § 61.4(b); 44 C.F.R. § 61.13(d).

**3.** FEMA also issues flood insurance directly to consumers.

**4.** This regulation provides:

Pursuant to the Arrangement, the responsibility for defending claims will be upon the Write Your Own Company and defense costs will be part of the unallocated or allocated claim expense allowance, depending on whether a staff counsel or an outside attorney handles the defense of the matter. Claims in litigation will be reported by WYO Companies to FIA upon joinder of issue and FIA may inquire and be advised of the disposition of such litigation.
44 C.F.R. § 62.23(i)(6).

**5.** However, WYO companies do not act as general agents of the United States. 44 C.F.R. § 62.63(g).

flood insurance 'available on reasonable terms and conditions' to those in need of it." *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir.1998) (quoting 42 U.S.C. § 4001(a)). The NFIP was particularly necessary given the unavailability of flood insurance from private insurance companies unable to provide flood insurance on an economically feasible basis. 42 U.S.C. §§ 4001 & 4002. To encourage private insurers to provide flood insurance, the federal government provides a number of incentives already noted above. First, the government bears the ultimate responsibility for financing. 44 C.F.R. § 62.23(f); 44 C.F.R. Pt. 62, App. A, Arts. II(E), IV(A), VII(A). Second, the government provides commissions on all benefit payments made by WYOs. 44 C.F.R. Pt. 62, App. A, art. III(C)(1).

### REMOVAL STANDARD

■ Removal statutes must be construed strictly against removal. *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994). The party seeking removal bears the burden of establishing the right to removal, including compliance with the jurisdictional requisites. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Handyman Network, Inc. v. Westinghouse Savannah River Co.*, 868 F.Supp. 151, 153 (D.S.C. 1994) (citing *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994)); *see also Whitman v. Raley's, Inc.*, 886 F.2d 1177, 1180 (9th Cir. 1989). In order for a defendant to remove a case filed in state court, there must exist original federal jurisdiction. 28 U.S.C. § 1441(a). Removal jurisdiction is determined on the basis of the state court complaint at the time of removal, and the removing party bears the burden of establishing the existence of federal jurisdiction. *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F.Supp.2d 530, 531 (D.S.C.1999). It is uncontested that this case involves non-diverse parties and that the Court, therefore, does not have diversity jurisdiction. *See* 28 U.S.C. § 1332. Thus, the only question is whether there is subject-matter jurisdiction pursuant to 42 U.S.C. § 4072 or 28 U.S.C. § 1331.

### DISCUSSION

### I. 42 U.S.C. § 4072 Jurisdiction

■ 42 U.S.C. § 4072 provides as follows:

In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

"42 U.S.C. § 4072 vests district courts with original exclusive jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of *claims* for insurance arising out of the National Flood Insurance Act." *Van Holt v. Liberty Mutual Fire Insurance Co.*, 163 F.3d 161, 167 (3rd Cir.1998) (emphasis added). Plaintiff argues, however, that "42 U.S.C. § 4072 is not applicable because this is not a *claim* for a *flood loss*." (Pl's. Mot. Remand at 1) (emphasis added on "flood loss"). Specifically, Plaintiff contends that this suit is simply for a *"refund*

*of overcharged premiums.*" (Pl's. Mem. Supp. Mot. Remand at 1).

Defendants respond that "[w]hen the Plaintiff filed suit to collect premiums, the Plaintiff made a 'claim' under the policy, and therefore, this matter is subject to the exclusive, original jurisdiction of the Federal Court." (Def.s' Mem. Opp. Mot. Remand at 4). The issue therefore is whether Plaintiff's suit for overcharged premiums constitutes a "claim[ ] for proved and approved losses covered by flood insurance." 42 U.S.C. § 4072.

On the facts of this case, Section 4072 does not grant the Court original exclusive jurisdiction over Plaintiff's claims. Plaintiff has no flood loss, therefore, there has been no "proved or approved losses" or any "disallowance" of a claim by the Director. *See* 42 U.S.C. § 4072. Rather, Plaintiff seeks the refund of overcharged premiums and all such related damages, actual and punitive. "42 U.S.C. § 4072 addresses itself solely to actions arising from partial or complete disallowance of flood insurance policy claims." *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir.1993). Plaintiff's claims simply do not satisfy the plain language of Section 4072.

This conclusion, however, does not end the jurisdictional inquiry. In the alternative, Defendants argue that subject-matter jurisdiction properly lies in this Court pursuant to 28 U.S.C. § 1331.

## II.  28 U.S.C. § 1331 Jurisdiction

█ Section 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The meaning of the phrase "arising under" is not for want of Supreme Court precedent regarding its meaning and effect. Most important, "a cause of action arises under federal law only when the plaintiff's well-

pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *see Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A defendant may not remove a case on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *see also Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

█ However, even when no federal claim appears on the face of the complaint, the Court may still uphold removal if it appears that the complaint has been "artfully pled" in order to avoid reference to any federal law. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Specifically, if Plaintiff has pled state-law claims that involve issues either completely preempted by federal law, or that necessarily implicate a substantial question of federal law, then the court may assume federal-question jurisdiction of the case.

In the present case Plaintiff has only pled three state-law causes of action: (1) negligence; (2) breach of contract; and (3) breach of contract accompanied by a fraudulent act. Nevertheless, Defendants oppose remand contending that this controversy involves a federal question pursuant to the National Flood Insurance Act of 1968 (NFIA) as amended, 42 U.S.C. Section 4001 *et seq.*, and its attendant rules and regulations. However, Defendants do not claim Plaintiff's state law claims are

completely preempted. Instead, Defendants argue that substantial federal questions are evident from the face of the Plaintiff's Complaint and that significant federal interests are at stake.

The Fourth Circuit Court of Appeals has held that in certain circumstances a federal question may exist in cases where a uniquely federal interest is "so important that the 'federal common law' supplants state law either partially or entirely regardless of Congress' intent to preempt the area involved." *Caudill v. Blue Cross and Blue Shield of North Carolina*, 999 F.2d 74, 77 (4th Cir.1993) (citing *Boyle v. United Tech. Corp.*, 487 U.S. 500, 504, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988)).[6] The Fourth Circuit relied on the two-part test for determining the applicability of federal common law set forth in *Boyle*. "First, the matter must involve a uniquely federal interest." *Id.* at 78 (citing *Boyle*, 487 U.S. at 507, 108 S.Ct. 2510). However, "a significant federal interest alone ... will not allow federal common law to displace state law." *Id.* Federal common law displaces state law only when a "significant conflict" exists "between the federal interest or policy and the effect of the state law," or the state law as applied frustrates " 'specific policy objectives' of federal legislation.' " *Id.* (quoting *Boyle*, 487 U.S. at 507, 108 S.Ct. 2510) (citations omitted).

## A. Significant Federal Interests

■ Defendants generally contend that Plaintiff's claims present a uniquely federal interest "because [they] involve[ ] the interpretation of a flood insurance program in effect for the entire country." (Def.s' Mem. Opp. Mot. Remand at 12). There is, however, a more compelling federal interest present.

As Defendants rightly argue, although for purposes of Section 4072 jurisdiction, Plaintiff's claim for a refund of overcharged premiums necessarily places federal funds at risk. Insurance premiums collected by WYO companies are kept in segregated accounts and are considered federal funds from the moment they are collected, with interest earned belonging to the United States. 44 C.F.R. § 62, App. A, Art. II(E). Importantly, all premium refunds are paid from these segregated "Federal flood insurance funds." *Id.* Art. III(E). "Premium refunds to applicants and policyholders ... shall be made by the Company from *Federal flood insurance funds* ...." *Id.* (emphasis added).

Although in a slightly different context, other courts have concluded that this risk to federal funds is sufficient to confer subject matter jurisdiction.[7] In *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3d Cir.1998), the Third Circuit Court of Appeals stated that "Congress would want federal courts to adjudicate disputes over federal flood insurance policies for which the federal government would be responsible for reimbursing the WYO company if the claimant prevails." *Id.* at 167. The Northern District of West Virginia concluded, in *Parsons Footwear, Inc., v. Omaha Property and Casualty Co.*, 19 F.Supp.2d 588, 590 (N.D.W.Va.1998), "that the fact that the SFIP premiums are fed-

---

6. In *Caudill*, the plaintiff, a federal employee, sued her insurer for breach of contract, alleging that the insurer had improperly denied her coverage for a medical procedure. The defendant removed the case to federal court on the basis of federal question jurisdiction under the Federal Employees Health Benefits Act (FEHBA).

7. The courts, in each of the following cases, focused on the risk to federal funds as a consideration relevant to establishing jurisdiction under Section 4072. Although the Court has declined to exercise such jurisdiction, it nevertheless finds these cases instructive for purposes of identifying a federal interest sufficient to confer jurisdiction pursuant to Section 1331.

eral funds lends weight to the conclusion that a federal question does exist." The Court agrees that this potential risk to federal funds is a federal interest sufficient to satisfy the first prong of the *Caudill* test.

A uniquely federal interest exists when the dispute " 'touch[es] the rights and duties of the United States.' " *Boyle*, 487 U.S. at 506, 108 S.Ct. 2510 (quoting *Bank of America Nat. Trust & Sav. Ass'n v. Parnell*, 352 U.S. 29, 33, 77 S.Ct. 119, 1 L.Ed.2d 93 (1956)). When the United States' interest is "remote or speculative and the dispute involves only private parties, federal common law will not apply." *Caudill*, 999 F.2d at 77 (citing *Boyle*, 487 U.S. at 506, 108 S.Ct. 2510). However, federal common law may still "apply if the litigation would directly affect a federal interest." *Id.* (citing *Boyle*, 487 U.S. at 507, 108 S.Ct. 2510).[8]

Certainly, the rights and duties of the United States would be directly affected if it is required to return federal funds to Plaintiff. For purposes of Plaintiff's claim for premium refunds, this interest is neither remote nor speculative because this "lawsuit ... is, in reality, a suit against FEMA." *Van Holt*, 163 F.3d at 167. The Third Circuit in *Van Holt* came to this conclusion because "flood insurance claims are ultimately paid by FEMA" who "bears the risk under the flood insurance program." *Id.* at 166. Although in this present case, Plaintiff does not seek damages for flood loss, the United States still bears the risk of any potential premium refund. Thus, the United States, in fact, has the tantamount interest in Plaintiff's claim for a refund of premiums.

The Court concludes that the potential risk to federal funds is a significant federal interest sufficient to satisfy the first prong of the *Caudill* test.

## B. Significant Conflict

However, "a significant federal interest alone ... will not allow federal common law to displace state law." *Caudill*, 999 F.2d at 78. Federal common law displaces state law only when a "significant conflict" exists "between the federal interest or policy and the effect of the state law," or the state law as applied frustrates " 'specific policy objectives' of federal legislation.' " *Id.* (quoting *Boyle*, 487 U.S. at 507, 108 S.Ct. 2510) (citations omitted). Such a conflict is present in this case.

Defendants argue that "applying state law to the federal contract, would result in vast differences in the interpretation of these flood insurance policies, and perhaps more importantly, the interpretation of the National Flood Insurance Act itself." (Def.s' Mem. Opp. Remand at 12). Defendants' argument echoes the Fourth Circuit's analysis in *Caudill*. The Fourth Circuit found that a substantial federal interest existed in the Federal Employees Health Benefits contract and that such an interest required the application of a uniform rule. *Caudill*, 999 F.2d at 79. The court noted that "[a]pplication of state law to this federal contract would result in a patchwork quilt of benefits that varied from state to state under the same contract because of the vast differences in the common law of contracts from state to state." *Id.* at 78–79. Therefore, "the very application of state contract law would un-

---

**8.** The Fourth Circuit, in *Caudill*, found that the interest in that case was "uniquely federal because it involves health benefits for federal employees across the country." *Caudill*, 999 F.2d at 78. The court noted that state law liability for providers of federal insurance plans would "seriously damage not only the government's ability to enter into contracts with health insurers, but also would affect the price paid for such contracts." *Id.* Moreover, the court noted that "[m]ost importantly" the federal government was a party to the contract at issue in that case. *Id.*

dermine the uniformity envisioned by Congress when it delegated the authority to interpret health benefit contracts to OPM. Application of fifty different state contract laws to FEHBA claims would entirely defeat the purpose of OPM review." *Id.* at 79.

Defendants contend that the same uniformity is required in the instant case. Specifically, Defendants argue that the National Flood Insurance Program's *Flood Insurance Manual* prohibits them from refunding Plaintiff's overcharged premiums for any year prior to 1999 and, therefore, that a federal policy is at issue which requires a uniform interpretation. (Def.s' Mem. Opp. Remand at 3, 12). The substance of Defendants' defense is not presently at issue. The Court, however, agrees that the federal policy in question warrants uniform interpretation. Potentially, state courts could develop alternative interpretations of the *Flood Insurance Manual* such that federal funds would be at risk without predictability. Although state courts rightfully enjoy a concurrent power to interpret federal law, the risk to federal funds, and the national nature of the program, necessitates a uniform application of the policy. It would be fundamentally unfair, under a national program, for one insured to have a right to a refund of overcharged premiums pursuant to the same federal policy which, when differently interpreted, operated to prohibit a like refund to an insured in a different state. Such a "patchwork quilt" of consequences would stand in contradiction to the goal of a national flood program to insure uniform applicability of its rules and policies. More importantly, it would potentially undermine the federal policy that federal funds should not be at risk of refund after a certain expiration of time, assuming, *arguendo,* such policy exists, as Defendants contend.

Consequently, Plaintiff's claims involve a federal question such that the Court has proper jurisdiction pursuant to Section 1331, because the interpretation of a federal policy potentially places federal funds at risk, giving rise to a uniquely federal interest so important that the "federal common law" should supplant state law.[9] *See Caudill,* 999 F.2d at 77 (citing *Boyle,* 487 U.S. at 504, 108 S.Ct. 2510).[10]

### CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons that Plaintiff's Motion for Remand is **DENIED.**

**AND IT IS SO ORDERED.**

---

9. "When a federal interest requires the application of a uniform rule, federal common law displaces state law entirely." *Caudill,* 999 F.2d at 79.

10. To the extent Plaintiff has claims that do not put federal funds at risk, such claims are still properly before the Court under 28 U.S.C. § 1367(a).